# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS ANDERSON,<br><br>        Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | NO. CV 18-6457-DSF (KS)<br><br>**ORDER DENYING APPLICATION FOR AN EXTENSION OF TIME AND DISMISSING CASE** |

On July 26, 2018, Lewis Anderson ("Petitioner"), who states that he is incarcerated at California State Prison Los Angeles County, filed an application for an "enlargement of time to file a federal writ of habeas corpus" (the "Application"). (Dkt. No. 1. at Page ID 1.)[1] Petitioner also attaches a "Notice of Appeal," where he "requests that the District Court issue a Certificate of Appealability." (*Id.* at Page ID 3.)

Petitioner fails to provide any case-specific identifying information, such as the Superior Court case number for the case that he is seeking to appeal. More significantly, there is no indication of what claims Petitioner would seek to bring in the yet-to-be-filed

---

[1] For ease of reference, the Court uses the page identifiers assigned by the CM/ECF electronic docketing system.

1

petition or that any such claims have ever be presented to the California Supreme Court. "A federal court may not grant habeas relief to a state prisoner unless the prisoner has first exhausted his state court remedies by fully and fairly presenting each claim to the highest state court." *Libberton v. Ryan*, 583 F.3d 1147, 1164 (9th Cir. 2009), *cert. denied*, 560 U.S. 979 (2010) (citations an internal quotations omitted). In any event, to the extent Petitioner seeks to toll his deadline for filing a state habeas petition pursuant to 28 U.S.C. § 2254, his request is denied.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies,'" and "[f]ederal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinion[s] advising what the law would be upon a hypothetical state of facts." *Chafin v. Chafin*, 568 U.S. 165 172 (2013) (internal citations and quotation marks omitted). "The requirements of Art. III are not satisfied merely because a party requests a court of the United States to declare its legal rights." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 471 (1982). Since Petitioner is not actually filing a petition for writ of habeas corpus challenging his conviction or sentence, there is no case or controversy before the Court and no basis upon which the Court can extend or stay any deadline.

Petitioner, in effect, seeks an advisory opinion regarding, and prospective relief from, the potential untimeliness of any habeas petition he might file in the future. *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have the conviction or sentence imposed by the state court set aside). No federal district court can render such a determination at this time without offending the case or controversy requirement of the U.S. Constitution. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (vacating "prematurely issued" district court order tolling the statute of limitations in advance of the filing of a lawsuit raising potentially untimely claims). Moreover, in the absence of any information about the nature of

Petitioner's potential habeas claims and the extent to which he has exhausted those claims in state court, it would be particularly inappropriate to render such an advisory opinion in this case.

For all of the foregoing reasons, **IT IS ORDERED** that the Application is DENIED and Judgment shall be entered dismissing this action without prejudice.

DATED: 8/13/18

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE